UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE HANNER,　　　　　　　　　　　No. 07-15251

　　　　　Plaintiff,　　　　　　　　　　　District Judge Anna Diggs Taylor

v.　　　　　　　　　　　　　　　　　　　Magistrate Judge R. Steven Whalen

CITY OF DEARBORN HEIGHTS,
ET.AL.,

　　　　　Defendants.
　　　　　　　　　　　　　　　　　　　　/

**REPORT AND RECOMMENDATION**

Before the Court is Defendant State of Michigan's Motion to Dismiss [Docket #16] and Plaintiff's Motion of Withdrawal of Complaint on State of Michigan (only) [Docket #22]. I recommend that Defendant's motion to dismiss be GRANTED and that Plaintiff's motion to withdraw be DENIED AS MOOT.

**I.　DISCUSSION**

Fed.R.Civ.P. 41(a) provides that a Plaintiff may voluntarily dismiss a complaint by filing a notice of dismissal *before* the adverse party has filed a responsive pleading. Or, alternatively, if a responsive pleading has been filed, the complaint may be voluntarily dismissed "by filing a stipulation of dismissal signed by all parties who have appeared in the action." In this case, Plaintiff's motion for withdrawal was filed after the Defendant State of Michigan filed a motion to dismiss, and Plaintiff has not filed a stipulation of

dismissal signed by all parties. Therefore, the State of Michigan may not at this point be dismissed pursuant to Rule 41(a). In addition, a Rule 41(a) dismissal is a dismissal without prejudice.

In its motion to dismiss, the State of Michigan seeks dismissal *with* prejudice. The State argues that because the Plaintiff seeks monetary damages, the suit against it is barred by Eleventh Amendment immunity. Defendant is correct. Claims against a State for monetary damages under 42 U.S.C. §1983 are subject to dismissal on the basis of immunity conferred by the Eleventh Amendment. "[A] State is not a 'person' against whom a § 1983 claim for money damages might be asserted." *Price v. Caruso,* 451 F.Supp.2d 889, 902 (E.D.Mich.2006); *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

Therefore, although Rule 41(a) does not, by its terms, permit Plaintiff's voluntary dismissal without prejudice, Defendant State of Michigan's motion to dismiss must be granted. This would, of course, render the Plaintiff's Motion of Withdrawal moot.

## II. CONCLUSION

For these reasons, I recommend that Defendant State of Michigan's Motion to Dismiss [docket #16] be GRANTED, and that the State of Michigan be DISMISSED WITH PREJUDICE.

I further recommend that Plaintiff's Motion of Withdrawal [Docket #22] be DENIED AS MOOT.

Any objections to this Report and Recommendation must be filed within ten (10)

days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated: April 23, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 23, 2008.

<pre>                        s/Susan Jefferson                              
                        Case Manager</pre>