UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE HANNER,　　　　　　　　　　No. 07-15251

　　　　　Plaintiff,　　　　　　　　　　District Judge Anna Diggs Taylor

v.　　　　　　　　　　　　　　　　　　Magistrate Judge R. Steven Whalen

CITY OF DEARBORN HEIGHTS,
ET.AL.,

　　　　　Defendants.
　　　　　　　　　　　　　　　　　　　/

**REPORT AND RECOMMENDATION RE: DEFAULT JUDGMENT**

Before the Court is Plaintiff's Motion for Default Judgment [Docket #11], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that Plaintiff's motion be DENIED.

**I.　FACTS**

Plaintiff filed his Complaint on December 10, 2007. He filed a purported return of service on December 20, 2007, stating that service was effected on the City of Dearborn Heights and Mayor Daniel Paletko by certified mail, on December 12, 2007. Attached to his Motion is a return receipt indicating that service was indeed accepted on December 12th.

Defendants filed their answer on January 16, 2008. Plaintiff filed the present Motion on February 4, 2008.

## II. ANALYSIS

Plaintiff premises his Motion on the fact that the Defendants' answer was due on January 2, 2008, but was instead untimely filed on January 16, 2008. Defendants concede that their answer was two weeks late. However, the late filing does not entitle Plaintiff to a default judgment.

In order for a Plaintiff to obtain a judgment by default, he must first request a Clerk's entry of default pursuant to Fed.R.Civ.P. 55(a). A default *judgment* is governed by Rule 55(b)(2). "An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.,* 204 F.R.D. 327, 330 (W.D.Mich.2000) (quoting *United States v. Topeka Livestock Auction, Inc.,* 392 F.Supp. 944, 950 (N.D.Ind.1975)). In *Vongrabe v. Sprint PCS,* 312 F.Supp.2d 1313, 1318 (S.D.Cal.2004), the court explained:

> "The section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."

*See also Ramada Franchise Sys., Inc.,* 220 F.R.D. 303, 305 (N.D.Ohio 2004) (quoting *Sys. Indus., Inc. v. Han,* 105 F.R.D. 72, 74 (E.D.Penn.1985)) ("Entry of a default ... is a prerequisite to entry of a default judgment under Rule 55(b)."); *DeTore v. Local # 245 of the Jersey City Public Employees Union,* 511 F.Supp. 171, 176 (D.N.J.1981) ("However, no default judgment may be entered under either F.R.Civ.P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the

entry of default is an essential predicate to any default judgment.").

In this case, the Clerk has not entered of default under Rule 55(a). Therefore, Plaintiff is not entitled to a default judgment under Rule 55(b).

Further, even if there were an entry of default under Rule 55(a), I would be inclined to set it aside for "good cause" under Rule 55(c), applying the test of *United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 845 (6th Cir.1983), which asks: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default.

The Defendant's responsive pleading was filed only 14 days late, and Plaintiff has not shown any actual prejudice to his case as a result of this short delay. The Defendants have a meritorious defense, as shown by their answer. As to the third *United Coin* factor, "[t]o be treated as culpable, the conduct of a defendant must display either an attempt to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assoc.,* 796 F.2d 190, 194 (6th Cir.1986). The Defendants' conduct, even if it were considered to be negligent, cannot be characterized as "culpable" under this standard.

### III. CONCLUSION

I therefore recommend that Plaintiff's Motion for Default Judgment [Docket #11] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich.

LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: April 30, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 30, 2008.

s/Susan Jefferson
Case Manager