UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE HANNER,                                    Case No. 07-15251

        Plaintiff,

                                   Hon. Anna Diggs Taylor
v.                                                  United States District Judge

                                   Hon. R. Steven Whalen
CITY OF DEARBORN HEIGHTS,                           United States Magistrate Judge
ET.AL.,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a *pro se* civil complaint under 42 U.S.C. § 1983, alleging

violation of a number of his constitutional rights.  Before the Court is Defendants' Motion

to Dismiss [Docket #40], which has been referred for a Report and Recommendation

pursuant to 28 U.S.C. § 636(b)(1)(B).  Pursuant to E.D. Mich. L.R. 7.1(e)(2), the Court

will proceed without oral hearing, on the briefs.  For the reasons discussed below, I

recommend that the motion be GRANTED, and the complaint DISMISSED WITH

PREJUDICE.

## I.    FACTS

This case arises out of a 15-year-old municipal ordinance violation.

In 1993, Plaintiff was convicted in the 20th District Court for the City of Dearborn Heights,

Michigan, of an ordinance violation involving a building permit.  Plaintiff had originally

obtained a permit for a glass-enclosed porch, but instead build a brick veneer addition.

When informed that the original permit was therefore void, Plaintiff reapplied for a permit

for the brick veneer addition, which was granted.  However, he did not pay the fee for the

new permit.  As a result, he received a ticket for the ordinance violation.  Following a

bench trial held on May 4, 1993, Plaintiff was found guilty and fined $100.  He appealed

his conviction to Wayne County Circuit Court, and on September 29, 1993, Circuit Judge

Paul S. Teranes affirmed the conviction and sentence in a written opinion, ordering the

case remanded to the 20th District Court for enforcement of the fine.  *See* Defendants'

Motion, Exhibit 1.[1]  The Michigan Court of Appeals denied leave to appeal on March 4,

1994, "for lack of merit in the grounds presented."  *Id.*, Exhibit 3.

Plaintiff did not pay the $100 fine.  Time passed.  On December 12, 2005, the 20th

District Court issued a notice of warrant for Plaintiff's arrest, directing him to appear in

court within 48 hours.  *See* Complaint, Exhibit 8.  He appeared as directed on December

15, 2005.  Another date of January 31, 2006 was reset for a pretrial regarding the "no

permit" case.  *Id.*, Exhibit 9.

Plaintiff appeared in District Court on January 31, 2006, although not before the

original sentencing judge.  A notice of "pretrial" had been sent, but the City Attorney

informed the judge that Plaintiff had been convicted back in 1993, but had failed to pay

---

[1] Judge Teranes' Opinion contains a detailed description of the facts surrounding
the ordinance violation and the legal issues raised in the appeal.

the fine.  *See* Transcript of 1-31-06, p.4, 7.  Complaint, Exhibit G. The City Attorney also

stated that at the prior hearing on December 15, 2005, the Court Officer, Mr. Ackling, took

Plaintiff into custody because he was getting disruptive.  *Id.*, pp. 5-6.  Plaintiff stated that

he was placed in the lock-up (across the hall from the courtroom) rather than the jail, and

that he was there until about 4:30 in the afternoon.  He did not spend the night in jail.  *Id.*,

pp. 6-7.  The judge stated his intention to close the file, based on the Plaintiff having been

in the lock-up for a few hours:

> THE COURT: Well, here's what I'm inclined to do sir, and since, you know,
> from my review of the documents and the pertinent document to me is the
> letter from my Court Administrator Zeppa from last year stating that you
> were assessed a fine of a hundred dollars and you still ow a hundred dollars.
> Seeing that you spent part of the day in jail on December 15th, I'll just close
> this file out if that's what you want, but if you wish to return and discuss the
> matter further with Judge Foran who's not here today, we can reschedule
> this or set it for—set if for a hearing at another day, but I'll tell you right
> now, I'm just inclined to dismiss the case and let you go about your
> business."
> *Id.*,pp. 7-8.

After further discussion with the Plaintiff, who was apparently concerned that he

had received a notice erroneously describing the hearing as a "pretrial," the Judge again

asked:

> THE COURT: Sir, would you like me to suspend the fine at this point and
> close this matter out or do you want this matter scheduled for another
> hearing in front of Judge Foran?  *Id.*, pp. 8-9.

Plaintiff opted for the hearing before Judge Foran.  *Id*., p. 9.

The case was again reset for April 25, 2006.  *Id.*, Exhibit 12.  On that date, District

Judge Leo K. Foran held a show cause hearing based on Plaintiff's failure to pay the $100

fine, ultimately sentencing him on the show cause to one day in jail, with credit for one

day already served:

> THE COURT: Mr. Hanner, you're here on the show cause for failing to pay
> fines and costs in the amount of one hundred dollars.  Is–and you have not
> paid, is that correct?
>
> MR. HANNER: Your Honor, I've gone through the arraignment on thhis
> thing and I wasn't allowed–
>
> THE COURT: Sir, I've asked you–
>
> MR. HANNER:  –to plead–
>
> THE COURT:  –one question.  Have you paid or haven't you?
>
> MR. HANNER: I invoke my fifth amendment rights.
>
> THE COURT: Excue me, sir.  How long have you been locked up?
>
> MR. HANNER: (No verbal response.)
>
> THE COURT: Have you ever been in jail for any time for this?
>
> MR. HANNER: I invoke my fifth amendment rights.
>
> THE COURT: I'm trying to help you sir.  Sometimes you ought to speak.
> And you have no fifth amendment rights in this regard.  You're playing
> games with this Court.  I don't want to be mad at you.  I just want to send
> you on your way.  Did you serve one day?
>
> COURT OFFICER ACKLING: I took him over one day.
>
> THE COURT: One day.  I'll give–I'll sentence you to one day, one day
> credit.

*See* Complaint, Exhibit H (transcript of show cause hearing).

In his complaint, Plaintiff names the following Defendants: City of Dearborn

Heights, Dearborn Heights Building Department, Dearborn Heights Police Department, Dearborn Heights Mayor Paleko, 20th District Court–Court Administrator, Third Judicial Circuit Administrator, and Appeals Court Administrator.[2]  He alleges six causes of action: (1) Fourth Amendment violation based on being jailed without probable cause; (2) Eighth Amendment violation, based on not being given his crutch during his one-day imprisonment; (3) Fourth Amendment violation based on 20th District Court issuing a warrant without probable cause; (4) Fifth Amendment double jeopardy violation; (5) due process violation based on denial of opportunity to be heard; and (6) Fifth Amendment violation based on denial of right against self-incrimination.

## II.    STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)."  In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. V. Twombley,*—U.S.—, 127 S.Ct. 1955, 167 L.Ed.2d 929

---

[2] Michigan Governor Jennifer Granholm was named as a Defendant, but later dismissed.

(2007), the Supreme Court set forth what a plaintiff must plead in order to survive a Rule 12(b)(6) motion.  The Court held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is *plausible* on its face." *Bell Atlantic*, at 1974 (emphasis added).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202

-6-

(1986).  Entry of summary judgment is appropriate "against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial."  *Celetox Corp. v. Catrett*,

477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  When the "record taken as a

whole could not lead a rational trier of fact to find for the nonmoving party," there is no

genuine issue of material fact, and summary judgment is appropriate.  *Simmons-Harris v.*

*Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

### III.    DISCUSSION

### A.    Counts I, III, IV, V and VI

While the Plaintiff has raised six separate causes of action, he sets forth the

essential nature of his case in ¶ 14 of his complaint:

> "The nature of this case is that I would not pay money to the city without
> getting a receipt (which to me is a bribe).  So the city brought a fraudulent
> charge against me.  I still would not pay so the city took me to court.  They
> lowered the amount but I still would not pay.  So the city and court had me
> put in jail.  They tried to shake me down but I did not pay."

Another theme that runs through his complaint is the Plaintiff's belief that he has

never been told why he was placed in the court's lock-up or what the charge was.

Complaint, ¶ 19.

There are numerous grounds on which this complaint should be dismissed.

However, all of his claims except the Eighth Amendment claim (Count II) are clearly

subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d

383 (1994).[3]  *Heck* holds that to recover civil damages based on an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  512 U.S. at 486-87.  Where success in the civil suit "would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 750; 124 S.Ct. 1303, 1304, 158 L.Ed.2d 32 (2004) . *Heck* applies even if a civil plaintiff has completed his or her sentence and been discharged from custody, as long as there has been no "favorable termination" on direct or collateral review.  The favorable termination rule "is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated."  *Heck*, 512 U.S. at 490, n.10. *See also Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995); *Summers v. Leis*, 368 F.3d 881, 891 (6th Cir. 2004).

Mr. Hanner appealed his District Court conviction and sentence to the Wayne County Circuit, which affirmed, and to the Michigan Court of Appeals, which denied leave to appeal.  The criminal proceedings have not been "favorably terminated" within

---

[3] The Eighth Amendment claim will be discussed separately, below.

the meaning of *Heck* and its progeny.  With the exception of Count II (Eighth Amendment allegation), success on any one of the Plaintiff's other claims–whether based on the Fourth Amendment, the Fifth Amendment, the Due Process Clause, or any other constitutional provision–would necessarily imply the invalidity of his conviction.  Plaintiff is therefore barred under *Heck* from raising those claims in a civil suit in this Court.

Because these claims are so clearly dismissible under *Heck*, it is not necessary to discuss the Defendants' other arguments at any length.  I do note, however, that claims against the state judicial officers and administrators are barred by judicial and quasi-judicial immunity.  "Judges and prosecutors have long been held to be absolutely immune from being sued on account of their judicial or prosecutorial acts." *Cullinan v. Abramson*, 128 F.3d 301, 307 -308 (6th Cir. 1997); *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).  Likewise, judicial staff members, clerks and court officers carrying out "judicial act[s]" are   entitled to quasi-judicial immunity.  *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988); *see also Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir.1994)("Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune").   The state courts themselves are protected by Eleventh Amendment immunity.  *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Smith v. Oakland County*, 244 F.Supp.2d 1030 (E.D. Mich. 2004); *Geller v. Washtenaw County*, 2005 WL 3556247 (E.D. Mich. 2005)(Borman, J.)(state district court is an arm of the state protected by Eleventh Amendment immunity);

*Horton v. 48th District Court*, 2006 WL 3240663 (E.D. Mich. 2006)(Cohn, J.)(same).[4]

As to the City of Dearborn Heights, in addition to showing no cognizable constitutional violation, the Plaintiff has not pled or otherwise shown any municipal policy or custom that would permit respondeat superior liability that is otherwise proscribed by *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Nor has Plaintiff pled or shown that Mayor Palko or the Court Administrator were personally involved in any impropriety or personally undertook or approved any acts alleged to have violated his constitutional rights. *See Rodriguez v. Jabe*, 904 F.2d 708 (6th Cir. 1990).

### B.    Count II (Eighth Amendment)

Here, Plaintiff claims that when he was locked up for those few hours on December 15, 2005, he was deprived of his crutch, in violation of the Eighth Amendment proscription against cruel and unusual punishment. Apart from the fact that he has not named any specific individual defendant in this Count, Plaintiff's claim fails on the merits.

The Eighth Amendment prohibits punishments that "involve the unnecessary and wanton infliction of pain," including inflictions of pain that "are totally without penological justification." *Rhodes v. Chapman,* 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981) (citations and internal quotation marks omitted).   However, "[t]he

---

[4] Although not part of this Motion, the State Circuit Court and Court of Appeals must also be dismissed on the basis of both Eleventh Amendment immunity and judicial and quasi-judicial immunity.

-10-

Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson v. McMillian,* 503 U.S. 1, 9-10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (citations and internal quotation marks omitted). *See also Leary v. Livingston County*, 528 F.3d 438, 443 (6th Cir. 2008) ("[A]n excessive-force claimant must show something more than *de minimis* force").

Plaintiff alleges no injuries arising out of the absence of his cane for a couple of hours, and certainly nothing that would "shock the conscience." Any harm he suffered was *de minimis*. He has thus failed to state an Eighth Amendment claim sufficient to withstand a Rule 12(b)(6) motion.

In summary, the Plaintiff's own exhibits, specifically the court notices and transcripts, show very clearly that he was jailed for part of a day because he was disruptive in court on December 15, 2005. He was later given credit for that short time at his contempt of court hearing on April 25, 2006, after he brazenly and improperly refused to pay a lawfully imposed $100 fine. Indeed, Judge Foran waived the fine and closed the case. Plaintiff either does not understand the law, or does not believe that he has to comply with laws and court orders that are not to his liking. It is long past time for Mr. Hanner to let this go, move forward with his life, and stop wasting limited court resources as well as his own time. Indeed, he would do well to follow Judge Foran's sage advice at the April 25th show cause hearing:

THE COURT: I found you in contempt and I gave you one day, one day

-11-

credit.  And so you can go and sin no more, sir."  Complaint, Exhibit H, p.
4.

## IV.   CONCLUSION

For these reasons, I recommend that the Defendants' Motion to Dismiss [Docket
#40] be GRANTED, and the complaint DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed  within ten (10)
days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich.
LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right
of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard
v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947
(6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with
specificity will not preserve all the objections a party might have to this Report and
Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit
Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D.
Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the
opposing party may file a response.  The response shall be not more than twenty
(20) pages in length unless by motion and order such page limit is extended by the
court.  The response shall address specifically, and in the same order raised, each issue
contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 30, 2009

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 30, 2009.

s/Susan Jefferson
Case Manager